IN THE SUPREME COURT OF THE STATE OF DELAWARE

UNEMPLOYMENT INSURANCE §
APPEAL BOARD, § No. 205, 2016
§
    Appellee Below- §
    Appellant, §
§
    v. §
§ Court Below—Superior Court
TAMMY R. WILLIAMS, § of the State of Delaware
§
    Appellant Below- § C.A. No. K15A-08-002
    Appellee, §
and §
§
BRANDYWINE COUNSELING, §
§
    Appellee Below- §
    Appellee. §

Submitted: November 21, 2016
Decided: February 1, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 1st day of February 2017, upon consideration of the parties' briefs, the record on appeal, the notice to show cause, and the response thereto,[1] it appears to the Court that:

(1)    The Unemployment Insurance Appeal Board ("the Board") filed this appeal from the Superior Court's March 29, 2016 opinion reversing the Board's

---

[1] The notice to show cause is hereby discharged.

judgment, which refused to consider an untimely appeal filed by Tammy R. Williams. After careful consideration, we hold that the Board did not abuse its discretion in rejecting Williams' untimely appeal. Accordingly, the judgment of the Superior Court shall be reversed.

(2)    The record reflects that Williams was employed by Brandywine Counseling & Community Services, Inc. ("the Employer") as the sole counselor to women in a residential drug and mental health treatment program. In December 2014, Williams requested a leave of absence under the Family and Medical Leave Act to care for her mother in New York. After her FMLA leave period expired in March, the Employer contacted Williams about her return to work. Williams informed the Employer that she was not available to return to work because her mother still needed care. Williams' last official day with the Employer was April 27, 2015, although she filed a claim for unemployment benefits on April 21, 2015.

(3)    On May 12, 2015, a claims deputy concluded that Williams was entitled to unemployment benefits because the Employer had discharged Williams without just cause. The Employer appealed the claims deputy's decision. An appeals referee held a hearing on June 15, 2015. At that hearing, Williams testified that, although she was still caring for her mother, she was actively seeking employment and was available to work four or five days a week. Williams further testified, however, that she had not reapplied for a job at Brandywine Counseling.

2

(4) In a written decision dated June 17, 2015, the appeals referee overturned the claims deputy's decision. The appeals referee found that the evidence supported a finding that Williams had voluntarily left her position with the Employer and that she was not entitled to benefits because her reasons for leaving were not attributable to her work. The appeals referee's written decision informed Williams that the last day to file a further appeal to the Board was June 27, 2015. The decision was mailed to Williams at her home address, which the appeals referee had verified with Williams at the start of the hearing.

(5) On July 2, 2015, Williams appeared in person at the Department of Labor to file her appeal from the referee's decision. At a review hearing held on July 8, 2015, the Board concluded that Williams' notice of appeal was not filed in a timely manner and that Williams' untimely filing was not caused by any error on the part of the Department of Labor. The Board declined to hear Williams' untimely appeal and thus affirmed the referee's decision denying benefits. Williams filed an appeal of the Board's decision to the Superior Court.

(6) Williams' opening brief in the Superior Court did not raise any issue challenging the Board's conclusion that her appeal was untimely. Instead, she appeared to take issue with the appeals referee's conclusion that she voluntarily quit. In reviewing Williams' appeal, the Superior Court summarized the issues presented as follows:

The first issue concerns the merits of the underlying case. The second issue concerns time computation when determining the date by which a claimant must file an appeal from a Referee's decision with the Board. The third issue concerns the discretion given the Board to hear a case on the merits under 19 *Del. C.* § 3320.[2]

Ultimately, the Superior Court held that the appeals referee erred in concluding that Williams was not entitled to unemployment benefits, that the Board erred in computing the time that Williams had to file an appeal, and that, even though Williams' appeal was untimely under the trial court's computation method, the Board abused its discretion in refusing to hear Williams' appeal. The Board now appeals the Superior Court's judgment.

(7)     In its opening brief on appeal, the Board argues that the Superior Court erred in considering the merits of Williams' claim for benefits because the Board did not make any findings of fact or conclusions of law pertaining to her claim. The Board also challenges the Superior Court's calculation of the ten-day time period in which Williams was required to file her appeal to the Board. Finally, the Board contends that the Superior Court erred in finding that the Board abused its discretion in refusing to consider Williams' untimely appeal.

(8)     As with the Superior Court, this Court's review of a decision of the Board ordinarily is limited to a determination of whether there is substantial evidence in the record to support the Board's findings and whether such findings

---

[2] *Williams v. Brandywine Counseling*, 2016 WL 3660570, *2 (Del. Super. Mar. 29, 2016).

4

are free from legal error.[3]  Absent an abuse of discretion, this Court must uphold the Board's decision.[4]

(9)    In this case, the Board rejected Williams' appeal on the procedural ground of untimeliness and did not consider the merits of her petition for benefits. Thus, the only issue that was properly before the Superior Court for review was whether the Board abused its discretion in refusing to consider Williams' untimely appeal.  Under the circumstances, we conclude that the Superior Court erred in considering the merits of Williams' petition for benefits before first considering the procedural issue of the timeliness of her appeal.

(10)   This Court has held that, while the Board has discretion to further review untimely appeals, "such discretion is exercised rarely and primarily in cases of administrative error that has the effect of depriving a claimant the opportunity to file a timely appeal."[5]  In her appeal to the Superior Court, Williams did not challenge the Board's conclusion that her appeal was untimely, nor does she respond to the Board's argument that her appeal was untimely in her answering brief in this appeal.  There is simply no dispute, no matter how the ten-day appeal period is calculated, that Williams' appeal from the referee's decision was late.

---

[3] *Han v. Unemployment Ins. Appeal Bd.*, 2014 WL 2650234, *2 (Del. June 11, 2014).

[4] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[5] *Hefley v. Unemployment Ins. Appeal Bd*., 2010 WL 376898 (Del. Feb. 16, 2010) (citing *Funk v. Unemployment Ins. Appeal Board*, 591 A.2d at 225).

5

Moreover, as the Superior Court noted, Williams' untimely appeal was not due to any "administrative error on the part of the Department of Labor."[6] Under these circumstances, we hold that the Board did not abuse its discretion in refusing to consider Williams' untimely appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED, and the judgment of the Board is reinstated.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[6] *Williams v. Brandywine Counseling*, 2016 WL 3660570 at *4.